Law Solutions v. Corbett, Mr. Mendito. Thank you, Your Honor. May it please the Court. My name is David Mendito. I'm appearing on behalf of the appellants here today. As in the briefs, I'm going to refer to Law Solutions Upright or Upright Law. We're here today on an appeal of an April 19, 2018 sanctions order issued by the Bankruptcy Court in three cases, White, Tidwell, and Callaway, and then three additional cases that had been closed at the time of the order, but which the Bankruptcy Court reopened to enter the order of those cases and impose sanctions. The sanctions order that we're appealing is the product of a show-cause order that had been issued on July 14, 2017, and then the subsequent evidentiary hearing on that order that was conducted on August 24, 2017. Those are the proceedings that led to the sanction order, and those proceedings were about one thing, whether or not the appellants violated a 2016 settlement agreement entered in the Cook and McEwen Adversary Procedure. I thought the stated basis for the sanctions, and I do need some clarification on this, is that the disclosure statements contain false statements. That was one of the things that the Bankruptcy Court found, and the Bankruptcy Court made that finding. We disagree with that finding, and I'll get into the sanctions. The basis of the sanctions, you weren't sanctioned for violating a contract. You were sanctioned for the false statements in the disclosure, I thought. The rules I looked at talked about pleadings, motions, and other filings, and false and fraudulent statements. Am I wrong about that? You're not wrong about that, Your Honor. Your Honor is getting to the merits of the Bankruptcy Code sections and the bankruptcy rules that the Bankruptcy Court relied upon to impose the sanctions. Your Honor is correct that the Bankruptcy Court found that the attorney disclosures of compensation wrongfully stated what the base fee basically covered as far as services to be provided. All right. Okay. So you concede that there were false statements in the disclosure statement you filed? No. I thought you said the Bankruptcy Court was correct that the disclosure statements misstated what was in the fees, what was covered by the fees that your client could charge. I'm sorry if that's how it came out, Your Honor. That's not what I intended to say. I meant to say, Your Honor is correct that the Bankruptcy Court made that finding and imposed sanctions based on what it believed were violations of certain rules and certain Bankruptcy Code sections. But our position, our opening position, is that the show cause order and the evidentiary hearing on that order weren't about those bankruptcy rules and code sections. There was a show cause order issued on July 14th, 2017, and it said appellants, Ms. Morrison, Upright, you show up and you tell me why those disclosures that you filed don't violate the September 2016 settlement agreement that was entered in the Cook and McEwen adversary proceedings and my order that approved that settlement. That's what he told us to do and that's what we did. Okay. By the order approving the settlement, did it incorporate the terms of the settlement? It didn't and that's one of the main points that we make, Your Honor. It did not incorporate the terms of the settlement. It didn't attach the settlement agreement and it didn't specifically retain jurisdiction to enforce the terms of the settlement. Did those cases remain open afterwards? The Cook and McEwen cases, Your Honor, no, those were done. Those were done. Well, there's some question about that because two of them apparently were never amended in any way. Is that right or not? I'm sorry, Your Honor, when you say that. Two of the six cases, the appellee says two of them were never amended so those violations are still continuing. Is that right? Your Honor, can I just reset this a second? Judge Rosenbaum had asked me, I thought about the Cook and McEwen cases that were resolved by the order approving the settlement. Was that Your Honor's? That was my question. Okay. Okay, I'm sorry, I can do this. Those cases were closed, Your Honor. Right. Okay, now when you're turning to the subsequently filed cases for clients covered by the settlement, clients that retained the firm prior to March 21 of 2016, in the cases in which the B.A. had filed motions, all of those disclosures of compensation had been amended, Your Honor? All six. There was six, I think. In the six cases? Boy, Your Honor, as I came in here today, I thought that they had all been amended in those six cases. If you're telling me that the B.A. said otherwise, I'm not recalling that from the brief. The record would indicate that, Your Honor. But if they hadn't been amended, what does that mean to your case? Well, it's, I'm going to say irrelevant, but not that Your Honor's question is irrelevant. It's not relevant to our appeal because the show cause order and the hearing in that show about whether or not those filings violated the settlement agreement. And under the Kekkonen decision, which was a unanimous Supreme Court decision, the court says, you don't have jurisdiction for that. Except that Kekkonen was based on the wording of Rule 41 of the Federal Rules of Civil Procedure, which doesn't govern here. And we also have bankruptcy code provisions that do govern here. So, I mean, it seems distinguishable. Well, the Kekkonen decision did involve Rule 41, Your Honor. But you have to look at the substance of what the order approving the settlement did. It was essentially the same as a Rule 41 dismissal. The bankruptcy administrator filed a motion to approve the compromise that had been reached in Cook and McEwen. And the bankruptcy court said, we're going to approve that settlement. In fact, that was the one word that was in the order. It just said approved. And then the case was resolved. Now, the idea that Kekkonen involved Rule 41 doesn't change the substance of what we have here. The bankruptcy court in White and Tidwell and Callaway said, show up. Tell me why you haven't violated my settlement agreement in these two other cases. That's a breach of contract. And you have to have independent jurisdiction. Now, Judge Rosenbaum is correct that at the time of the April 19, 2018 order, which was the sanctions order that's being appealed here, Judge Robinson did say, well, I'm going to impose sanctions based on Section 526, Section 707, Bankruptcy Rule 9011. I'm going to impose sanctions pursuant, a practice injunction pursuant to my Section 105 authority. But we had no notice of any of that going into it. The B.A. had filed motions to examine the fees. Didn't you concede that the court had jurisdiction over the bankruptcy administrator's examined motions in White, Callaway, and Tidwell? Absolutely, Your Honor. But by the time the show cause order was issued, those motions were no longer on the table. The bankruptcy administrator filed motions for examination where the bankruptcy administrator said, look at these disclosures of compensation. We think they run afoul of the settlement agreement and the court's order approving it. We also think they raised questions under Code Section 526 and 707 and possibly run afoul of, I think it was Bankruptcy Rule 2016. How could you examine all of those things, though, without looking back at the settlement agreement? That's fine, Your Honor. The court had jurisdiction on that. But we had a hearing on the motion to examine. We had it on July 13. And the bankruptcy administrator requested a bunch of relief. But the next day, the bankruptcy court issued its show cause order. And this is how litigation goes all the time. But wasn't the show cause order related to the hearing on the motion to examine? Absolutely. But then we had the show cause order. And parties do this all the time. They ask a court, please enter an order, grant certain relief. And sometimes they get all that they want. Sometimes they get none of what they want. After that hearing, though, both sides had an opportunity to further brief any issues that they thought merited it, right? Didn't he give you that opportunity? I disagree with that. He provided that? Well, respectfully, I disagree with that, Your Honor. We had the show cause order. It said, whatever the BA requested in this motion to examine, this is what I'm having you show up on. And that's what courts do. You ask for relief. You get some of it. You get none of it. Here we got the show cause order. And that's what the parties had. And that's what teed up the hearing. And to now go back after the sanctions order has been entered and say, well, wasn't all of it on the plate? It's relevant to look at the hearing on the show cause order. Not a single reference, not the BA, not our attorney, not our witnesses, not even the motions to examine. Didn't mention a single bankruptcy rule from the motions to examine. Didn't reference Rule 9011, which the bankruptcy court later used as a basis to impose sanctions. No one at the time of that hearing thought those other provisions were in play. And if you look at the testimony... The bankruptcy administrator requested sanctions not only under 5.6 and 707 and Section 105, but also the court's inherent authority. Didn't that put you on notice? Your Honor, the hearing that led... The answer is no. It put us on notice that at the July 13 hearing on those motions, those were in play. But the court didn't issue the sanctions order based on that. The court then issued an order to show cause and say, here's what I want to examine. And we all showed up and that limited issue is all that was examined. The proof required for imposing sanctions under Section 105 is different than under a breach of contract. The proof required to impose sanctions and injunctive relief under Section 526 is unique. Not a single one of these provisions was mentioned during the hearing. We're talking about due process, meaning notice and a meaningful opportunity to respond. And if Your Honor's look at the briefs, and I've quoted it twice, at the end of the hearing on the order to show cause, after no one mentioned Section 526, any of the bankruptcy code sections or rules, I asked, okay, I started whispering to my attorney, asked this question, but Judge Robbins said, my time is about to expire. Do you want me to... May I please finish this thought? Finish that paragraph, then I have a question. I asked the court, so you're asking us to brief whether or not Upright violated Paragraph 6 of the settlement, and the judge confirmed that was the case. And our subsequent post-hearing brief made clear that was our understanding. And the failure to mention any of those code sections during the hearing demonstrates that it wasn't just Upright's understanding, it was everyone's understanding. Let me ask you this, how much of the 18-month suspension is still left? I don't think any of it. That was a while ago, that was 2018? Yeah, it depends on whether it went into effect, the bankruptcy court, the district court, and how long that's been accepted. It went into effect immediately. We stopped representing, we refunded all the fees. So that has no more effect? Not that injunction. All right, and that's the only part of the sanctions you contend were punitive, right? No, the civil penalties are by definition punitive. Judge Robinson imposed $150,000 in civil penalties. Well, not by definition. If the money goes to the people who were damaged by it, that can be compensatory, which is civil. But the money in this case didn't go to any of the debtors, did it? Some of it did. Your Honor, you're right that money being paid to a debtor can be compensatory. Here it was not. There's no evidence that anybody was harmed. None of them testified. The court in its discretion said, I'm going to impose this civil penalty, but he imposed it pursuant to Section 526C5. That's a penalty. It wasn't compensation. Compensation is available under other bankruptcy code sections, but not here. And we did not brief whether or not a penalty imposed under 526 is punitive. That really hasn't been disputed, but if Your Honors want us to brief it, there's implications. All right, so the suspension part, to the extent you're arguing that's punitive and you didn't get  Your Honor, it's moot, but I think I know your feelings are hurt, but we can't do anything about that. It is moot. There's no relief we can give you about the suspension. There's no relief on that, Your Honor, but I think that given the other arguments, certainly the idea that the due process argument that the court can impose relief based on sections that were never at issue in the proceedings that led to the sanctions order, the court's ruling on that issue, I think it's probably tied to what the court would rule on the monetary sanctions anyway, but you're right. We can't undo the suspension. All right, Mr. Landry. May I please report, Rob Landry for the Bankruptcy Administrator. Mr. Landry, I just want to make sure I understand this. The sanctions were imposed for violating 526, a provision in 526, in 9-11, 9-11, right? Yes, sir. The Bankruptcy Court relied on both those provisions. Based on statements in the declarations that were filed, right? Yes, sir. Yes, sir. I can expound it a little bit, but factually, you're correct. If you were trying to trace what they were sanctioned for, it goes to the declarations, and those rules basically talk about false statements and misrepresentations. Yes, sir. They don't basically talk about it. They overtly talk about it, Judge. Good. That's even more helpful for framing the question. So, what were the false statements and misrepresentations of fact, first, in those declarations? Facts, who, what, when, where, why, and how? Factually, an interesting twist, Judge, is that the disclosures themselves factually, that they filed, that explain the scope of services they were providing, that there's, based on upright's own assertions, they're accurate on their face. Okay. All right. So, you couldn't sanction them for those statements? They are accurate statements of what they were going to- I know, and we've already covered the fact they have to be inaccurate and misrepresentations to be a basis for sanctions. Under 329 and Rule 2016, yes, sir. All right. So, what in the declarations were false statements, not of fact, but of law? That's the heart of the issue. Under the settlement agreement for these six cases, upright was supposed to provide certain services that were normally excluded by the retention agreements under the settlement agreement. They violated the settlement agreement. Okay. Are they actually, actually, if you want to be picky about it, they announced an intention to violate the settlement agreement? Yes, sir. I would agree with that. There's no indication they actually violated it that I could find. Have I missed something? The settlement agreement requires that they provide the services to the debtors at no cost. No, and there's no indication that I could see in the briefs. I did not read every page of the record, but there's no indication that they didn't provide those services if the services were necessary and appropriate, et cetera. That's right. There is no evidence- Okay. So, they didn't actually violate the settlement agreement. They just filed a declaration, not a, they filed declarations that were inconsistent with their obligation of, that indicated an intent about what they were to provide at no extra cost that was inconsistent with what the settlement agreement obligated them to provide at no extra cost. Correct. So, where is the falsity of that? They didn't say in those settlement agreements, and we don't have to provide these services under the, I'm sorry, in the declarations. We don't, and we don't have to provide these services under the settlement agreement. Correct. So, you got to show me what's false in those statements, declarations. The bankruptcy court expressly relied on the Debt Relief Agency provisions 526 of the bankruptcy code when it imposed the monetary sanctions, and that's what's critical here. Under those 526A2 states that a Debt Relief Agency may not make any statement in a document following a case that is untrue or misleading or an exercise of reasonable care should know. Isn't the problem here that by making those statements, it would chill debtors from seeking those services from upright because they might think that they would have to pay for them? The bankruptcy court made that finding, and we believe that's a ramification for- That's a great purpose to have a provision that covers that kind of thing, shall not make a statement that chills any debtor from asking for something they're entitled to, but that's not what the rule provides. 526 says make any statement in a document following a case proceeding that is untrue or misleading. That's A2. Yes, we believe it's untrue and misleading because pursuant to the settlement agreement, they're required to provide these services. But they didn't say we're not required to provide them. We view the 2016 declaration, it's their representation to the world of what they're going to provide. They tell these debtors in that disclosure, we're not providing a whole list of services. These debtors, we think would read that, and that's why Judge Robinson found- What about 526 A2 subpart 3, which says misrepresent to any assisted person or prospective assisted person directly or indirectly, affirmatively or by material omission with respect to the services and the benefits and the risk, presumably in the cost. Upright violated that section, and Judge Robinson found specifically they violated that section because it's a misrepresentation to the debtors of the services that they're- Do the declarations go to the debtors? They're following the case, so I would assume they see them. You assume bankruptcy debtors go and examine the file in their case at the courthouse? No, sir, I wouldn't assume that. So we don't know they misrepresented to any assisted person, anything, through the declarations? Correct. I don't know where, I don't know if the declarations ever got to the debtors. Let me tell you my concern. Yes, sir. Inconsistent with the settlement agreements. Fine. The settlement agreement is a contract. Fine. But just as your brother over here is arguing, okay, you got us. We violated a contract. Why are we in bankruptcy court for a contract action? Bankruptcy court doesn't have jurisdiction. It looks to me like your client was ticked off that they violated the settlement agreement, or they filed a declaration inconsistent with their contractual obligations in the settlement agreement, as your client should have been, and then got to looking around by the time it got to Judge Robinson, and late in the process, for some provision to sanction them. And the best you could come up with is misleading and misrepresenting what was in the settlement agreement. Judge, I think 2016 in Code 329, upright and all attorneys have this obligation to the court as well. It's not just to the debtors to disclose the services accurately and make sure the fees are correct. They made misrepresentations in the bankruptcy court as well, and that's where you get into this abuse of the bankruptcy process. And those were stated as provisions they had violated on which the sanctions were based, and they were given an opportunity to show cause why they hadn't violated those provisions. For the notice, on the show cause was limited in its nature, and we agree with upright on that. However... Is that not a problem? No, sir. You tell somebody to come in and defend against these charges, and then you find guilty, or necessary to find guilty, are these charges. We view the entire proceeding as a disciplinary proceeding that started with the motions that detailed those authorities. And then if we look at the end of the process, the two specific authorities that the bankruptcy court relied upon were 105 and 526 we've been talking about. Those were both cited and relied upon by the BA in their motions. Granted, they weren't expressly stated in the show cause order. However, Judge Rawson did use the word sanctions in one place, and then consent sanctions in another. And then Judge Rawson provided everyone the opportunity to file a post-trial brief. In our initial post-trial brief, we went through 105 and 526, the things that Judge Rawson actually relied upon. So they had notice again from us, and they had the opportunity to actually respond in writing. So we believe under Meraz that there was an actual notice and opportunity for upright to respond. Under Meraz, the notice can come from the party or the courts, and as long as they have an opportunity to respond, whether it's in writing or orally, we believe that their due process hasn't been violated. Could it have been better? Obviously, yes, sir. What stage of the proceedings was it that they had that opportunity to respond? We had the evidentiary hearing after the show cause order, and then, I don't remember the exact time frame, but it was, you know, 20 days or 30 days. We each filed simultaneous briefs, and then we each could file simultaneous reply briefs. So after you'd put all the evidence in, they were told the provisions that they were going to be sanctioned under? Judge, we traced it back to the very first motion, Chief Judge, the very first motions that set forth the authorities. If I can make one comment, upright knew that the authorities relied upon in the motions were fair game when they filed their principal brief after the show cause hearing. Because it's in the record, their brief, the title of their brief, it said upright respondents brief regarding issues raised in the motions filed by the U.S. Bankruptcy Administrator and in the court's order to show cause. So then in their first paragraph, they reference the motions to examine and show cause. And so we, the argument that they didn't, that they weren't aware, isn't factually asserted, isn't factually proven based on their own first initial brief. Go ahead and finish that up. I have a different thing I need to ask you about. Well, I need to ask you about subject matter jurisdiction because Judge Callen said that he thought upright had waived the argument of subject matter jurisdiction because it wasn't retained. And they had waived it because they didn't bring it up before the lower bankruptcy court. But isn't it true you can't waive subject matter jurisdiction? Correct. Upright has not waived subject matter jurisdiction. There's a little nuance. That's what Judge Callen found and that's how he said we've still got jurisdiction. I think there's a little nuance if I could try to explain. The jurisdictional component of whether or not there is jurisdiction with the order, the, you know, incorporating terms or not, is different than the factual question, did they violate the actual order? In upright's initial brief after the show cause hearing, they stated that they were under no circumstances, I'm paraphrasing, under no circumstances could they have violated the settlement agreement without violating the order or vice versa. So on the factual question, if the bankruptcy court was correct that they violated the settlement agreement, they've waived the argument that they violated the order. So there's a factual component to that, which is different than the jurisdictional, which we certainly agree they can raise subject matter jurisdiction. The factual component of the you can't waive components that are essential to the determination of subject matter jurisdiction. Can you? No, sir, I guess not. I was, yes, sir. In this case, I don't think there's any dispute they had subject matter, the court had subject matter jurisdiction because it's rooted in the motions to examine that relied on specific authorities and the settlement agreement and the order itself are not the basis for the factual genesis of everything that flowed afterwards. But the disciplinary proceeding 529, 105, 329, that's relied upon by the BA in that disciplinary proceeding is the basis for the jurisdiction. Those are related to the functions and operations and policies of the court itself and the bankruptcy rules that it applies as a part of that, independent of the settlement agreement, but factually based on the settlement agreement. Is that what you're saying? Correct. Those are core proceedings and granted, those aren't expressly listed, but the section of the Code 157 that recites core proceedings says including, but all of those matters dealing with attorneys, debt relief agencies, fees, any kind of abusive process, those are all directly matters that are core that bankruptcy court has jurisdiction over. The settlement agreement is not the basis for the jurisdiction. The order on the settlement agreement is not the basis for the jurisdiction for the court to look at what the right has done in this case. But if we accept your position, any violation of a settlement agreement, the bankruptcy court has jurisdiction to sanction? The basis for the, no your honor, the basis for the sanctions are the violations of 526, 329, Let me rephrase the question then. If we accept your position and necessary to affirm in this case, any violation of a settlement agreement that is reflected in declarations filed by a party or an attorney is subject to sanction by the bankruptcy court. If the violation of the settlement agreement fits within the parameters of 329 or 526. But if this one does, they all would, wouldn't it? They're subject to discipline because under 526, when you make those misrepresentations, when you, under 560A2, which you made a statement. Which we've decided there were no false factual statements made in the declarations. I thought we agreed to that earlier. We do agree to that with the 2016 statements. But if I could clarify under 526A3, that association is, because it's not linked to disclosures at all. It applies to debt liabilities, which upright law is misrepresented to any assisted person. But what's the factual basis for the fact that misrepresented something to an assisted person? The assisted person would be the debtor and the actual attorney disclosures are the representation. Don't you have to show before you sanction somebody, particularly with these kind of sanctions, that the assisted person heard the misrepresentations or were informed of them or that something was misrepresented to an assisted person? There is no direct evidence on that point. Or indirect either, is there? There is no evidence that the debtor is on that point, no judge. My time has expired, thank you. Yes, thank you. Mr. Mendico, three minutes. Your Honor, Your Honors, I'd like to pick up on one of the points that Judge Carnes was making, which is whether there were inaccuracies in the disclosures. Whether or not the representations in the disclosures somehow could have been considered misrepresentations to the debtors. The answer is no. And I think that what we're talking about here, we've kind of been assuming that the representations in the disclosure of compensation are somehow inconsistent with the settlement. But that's not the point of the disclosure of compensation. And in anticipation that the court was going to ask questions about this, I did bring copies of the disclosure, which I would like to distribute if the court will allow me. Just give them to the deputy clerk after. Thank you. Yeah, those are in the record, I believe. They are, but I wanted to highlight it here for the purposes of this oral argument. You are correct. They are in the appendix at document 17-1, page 47 of 193. The disclosure of compensation is all about what did the debtors agree the base services were for? The settlement agreement was different. Settlement agreement says you better provide services at no extra charge. Well, the evidence shows that we did that. There's no contrary evidence. But the disclosure of compensation says what did you agree to? Now, right or wrong? Maybe Upright Law should have clarified something here. I don't know. But they genuinely believed. If you look at this language, let's put on my readers here. Looking at the opening paragraph, and I'm going to jump forward in language. Pursuant to section 329A, the debtor agreed to pay me. And then it lists the amount. The first line under that, I have agreed to accept this amount for services. Going down to section 6, in return for the above disclosed fee, I have agreed to render these legal services. Section 7, by agreement with the debtors. And if you look at the final at the certification, and this is really the main representation that this attorney is making to the court. I certify that the foregoing is a complete statement of any agreement. Now, Upright Law believed that it had to say in this what the agreement said. And the idea that we would falsely represent this to the court, after just signing a settlement agreement where we paid $50,000. But we didn't charge for the services, but we file a document telling the court in the world that we did. I watch a lot of crime shows on TV. That's not how it's done. What you do, you violate the law secretly and then tell the world that you did this. But that's an argument that the district, I mean, that the bankruptcy court made clear, right? I mean, the bankruptcy court made a finding of fact that there were intentional misrepresentations, right? The bankruptcy court did find intentional. May I provide a full answer to your Honor's question? The bankruptcy court made that finding. But based on what Mr. Landry has said, there's no evidence that we violated the settlement agreement. There's no evidence. So my point is your argument is that it was clear error. On that, yeah, I mean, the intent, there's no evidence of it. There's no evidence of intent. We're looking at this document that everyone saw. You know, one thing that Judge Robinson said, and I thought this was astute. He said, you know, guys, this could have been avoided with a phone call. But we know we were violating the law. A person doesn't know what they don't know. If the B.A. thought that it was wrong, why not let us know about it? These are not secret documents. In bankruptcy proceedings, you don't just have litigants. You have a court. You have a panel trustee. You have a B.A., all of whom are reading these documents. Your Honor, over your time, let me ask this question, which is not essential to the decision. But I always wonder, why exactly are we here? You're out from under the suspension. The money doesn't seem for a corporation that you're representing size to be worth what's been expended in the litigation so far. Is it just a clear-your-name effort? Is that the thing? It's not, Your Honor. This is, first of all, for the size of our company. Our company made a loss last year, okay? And we produced tax returns in other cases. This is a sizable fine. A fine like this... Okay, that's all you have to say. A lot of cases get in court because of monetary disputes, and I understand that, and that's good enough. I appreciate it. We'll take that case under submission and stand in recess until tomorrow morning. All rise.